UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

JOHN WASHINGTON, JR.                              CIVIL ACTION

VERSUS                                            NUMBER: 10-01453

SHERIFF GREG CHAMPAGNE, ET AL.                    SECTION: "J"(5)


**REPORT AND RECOMMENDATION**


This 42 U.S.C. §1983 proceeding was filed in forma pauperis ("IFP") by pro se plaintiff, John Washington, Jr., against defendants, Greg Champagne, Sheriff of St. Charles Parish; John Nowak, Warden of the Nelson Coleman Correctional Center ("NCCC"); Captain Robert Dale; and, Clerk Tiffany Morales. (Complt. at pp. 1, 3-4).

According to his complaint, plaintiff is a state prisoner who was sentenced to the custody of the Louisiana Department of Corrections ("DOC") but who is currently housed at NCCC in Killona, Louisiana. As a consequence of being incarcerated at NCCC, plaintiff alleges that he is not allowed to earn incentive pay as

he would if he were housed at a DOC facility, for which he now seeks a transfer to a DOC facility in addition to compensation for the incentive pay he would have earned had he been housed there. (Complt. at p. 4).

Plaintiff has instituted suit herein *in forma pauperis* pursuant to 28 U.S.C. §1915. A proceeding brought *in forma pauperis* may be dismissed as frivolous under §1915(e)(2)(B)(i) if the claim alleged therein has no arguable basis in law or fact, Booker v. Koonce, 2 F.3d 114 (5th Cir. 1993), or if it fails to state a claim upon which relief can be granted. 28 U.S.C. §1915(e)(2)(B)(ii). See also 28 U.S.C. §1915A(b)(1), 42 U.S.C. §1997e(c). Giving the instant complaint a liberal reading, it is the recommendation of the Magistrate Judge that this matter be dismissed as frivolous and for failing to state a claim upon which relief can be granted.

Plaintiff has no constitutional right to be imprisoned at any particular prison even if life in one prison is much more disagreeable than another. Santos v. La. Dept. of Corr. Sec., et al., 1996 WL 89260 at *3 (E.D. La. Feb. 28, 1996)(quoting Meachum v. Fano, 427 U.S. 215, 224, 96 S.Ct. 2532, 2538 (1976)). "Under Louisiana law, state officials have discretion to place a state prisoner in any institution, including parish prisons." Clark v. Foti, 50 F.3d 1032, 1995 WL 136127 (5th Cir. 1995)(citing LSA-R.S.

15:824(A), (B)). The Constitution does not compel states to compensate convicted inmates for the work that they may perform while they are incarcerated, <u>Murray v. Miss. Dept. of Corr.</u>, 911 F.2d 1167, 1167-68 (5th Cir. 1990), and although sheriffs who house DOC inmates in parish prisons may put such prisoners to work, they are not required to do so. See LSA-R.S. 15:708. Plaintiff's complaint presents no arguable equal protection violation because, for purpose of such an analysis, he is not "similarly situated" to inmates housed at DOC facilities as opposed to DOC inmates housed at NCCC, none of whom are apparently allowed to earn incentive wages. (Complt. at p. 5). <u>Clark</u>, 50 F.3d 1032, 1995 WL 136127; <u>Santos</u>, 1996 WL 89260 at *5. For these reasons, plaintiff's complaint should be dismissed pursuant to 28 U.S.C. §1915(e)(2)(B)(i) and (ii).

## **RECOMMENDATION**

For the foregoing reasons, it is recommended that plaintiff's complaint be dismissed with prejudice pursuant to 28 U.S.C. §1915(e)(2)(B)(i) and (ii).

A party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in a magistrate judge's report and recommendation within fourteen days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed

factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. <u>Douglass v. United Services Auto. Assoc.</u>, 79 F.3d 1415 (5th Cir. 1996)(<u>en banc</u>).

New Orleans, Louisiana, this  20th  day of      May        , 2010.

_____<br>
UNITED STATES MAGISTRATE JUDGE